UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sprague Energy Corp., <br> Plaintiff <br><br> v. <br><br> Canada Steamship Lines, Inc., In Personam, and <br> M/V ATLANTIC SUPERIOR, In Rem, <br> Defendants | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

05-11825 RWZ

### VERIFIED ADMIRALTY COMPLAINT

1. This is an action for maritime tort in the operation of a vessel, a case as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

2. Plaintiff Sprague Energy Corp. is a Delaware corporation, with a place of business in Quincy, MA.

3. Defendant Canada Steamship Lines, Inc. is, on information and belief, a Canadian corporation which at all times relevant to this action was the owner and operator of the Defendant M/V ATLANTIC SUPERIOR, was and is doing business in Massachusetts, and has a place of business in Beverly, MA.

4. On information and belief, the M/V ATLANTIC SUPERIOR is a steel-hulled cargo vessel and is now or during the pendency of this action will be within this District.

5. On or about September 1, 2004, the Plaintiff owned, operated and maintained a maritime facility and pier in Providence, RI. The Defendant M/V ATLANTIC SUPERIOR was docked at the Plaintiff's pier, secured to the pier by the ship's lines, and was unloading a cargo of salt. At this time the vessel and its master and crew negligently and wrongfully caused damage

1

to the pier.

6.  The Plaintiff alleges that the cause of the damage to its pier was not due to any fault of the Plaintiff, or to any condition of the pier, but rather was solely due to the fault and negligence of the Defendant M/V ATLANTIC SUPERIOR, its master and crew, and the persons in charge of said vessel, in that:

    (a)  The master and crew negligently and wrongfully failed to monitor the ship's lines during the cargo unloading as the ship rose in the water and the tension increased on the ship's lines, and the master and crew negligently and wrongfully failed to release the tension on the ship's lines causing damage to the Plaintiff's pier;

    (b)  The ship's gear, equipment and appurtenances, including but not limited to the winches to which the ship's lines were attached, were in a defective and unseaworthy condition, causing damage to the Plaintiff's pier; and

    (c)  In such other particulars as discovery and trial of this matter shall reveal.

7.  As a result of the foregoing, the Plaintiff has been caused to suffer substantial property damage including but not limited to the cost of a damage survey, and the cost of the reasonable and necessary repairs to the Plaintiff's pier, such damages being in the amount of $22,370.00.

WHERFORE, the Plaintiff prays:

1.  That process in due form of law, according to the practices of this Court in causes of admiralty and maritime jurisprudence, may issue against the said Defendant M/V ATLANTIC SUPERIOR, her engines, tackle, apparel, etc., in rem, and that all persons having or claiming to have any interest therein be cited to appear and answer, under oath, all and singular the matters

aforesaid; that the Plaintiff have judgment against the said M/V ATLANTIC SUPERIOR, in rem, for its damages aforesaid, and that the said M/V ATLANTIC SUPERIOR be condemned and sold to satisfy the Plaintiff's judgment;

2. That process in due form of law may issue against Defendant Canada Steamship Lines, Inc., in personam, citing it to appear and answer, under oath, all and singular, the matters aforesaid;

3. That the Court order, adjudge and decree that the Plaintiff have judgment against Defendant Canada Steamship Lines, Inc. for the claim and damages asserted by the Plaintiff herein, together with prejudgment interest, reasonable attorneys fees and costs; and

4. That the Plaintiff have such other relief as may be proper in the circumstances and that this Court may be competent to grant.

SPRAGUE ENERGY CORP.

By its attorney,

Date: September 6, 2005

Lawrence J. Mullen
BBO No.
Wadland & Ackerman
2 Dundee Park, Suite 304
Andover, MA 01810-3726
978-474-8880

## VERIFICATION

STATE OF NEW HAMPSHIRE
COUNTY OF Rockingham, SS

August 29, 2005

David S. Hershey, first being duly sworn, deposes and says:

I am employed as the Risk Manager for Sprague Energy Corp., the Plaintiff in this case, and in that capacity I have read the foregoing Verified Admiralty Complaint, am familiar with the facts alleged in it, and the matters contained therein are true to the best of my knowledge, information and belief, and so far as upon information and belief, I believe them to be true. I am authorized by the Board of Directors of Sprague Energy Corp. to execute this verification.

_____
David S. Hershey

Subscribed and sworn to under the pains and penalties of perjury before me this 29 day of August 2005.

_____
Notary Public
My Commission Expires:

NANCY BERGERON, Notary Public
My Commission Expires December 6, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Sprague Energy Corp. v. Canada Steamship Lines, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Not applicable

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒    Central Division ☐    Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  __Lawrence J. Mullen, Wadland & Ackerman__
ADDRESS  __2 Dundee Park, Suite 304, Andover, MA 01810-3726__
TELEPHONE NO.  __978-474-8880__

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Sprague Energy Corp.

**DEFENDANTS**
Canada Steamship Lines, In Personam, and M/V ATLANTIC SUPERIOR, In Rem

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lawrence J. Mullen, Wadland & Ackerman
2 Dundee Park, Suite 304
Andover, MA 01810-3726
978-474-8880

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☒ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
This is a maritime tort action, and an admiralty and maritime claim within the meaning of F.R.C.P. 9(h). Plaintiff alleges that Defendant's vessel caused damages to plaintiff's pier in Providence, RI through negligence in the operation of the vessel.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 22,370.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): None
JUDGE _____ DOCKET NUMBER _____

DATE 9/6/05
SIGNATURE OF ATTORNEY OF RECORD  /s/ Lawrence J. Mullen

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___