```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

                                         CIVIL ACTION NO.
                                         NO. 05-11825-RWZ
SPRAGUE ENERGY CORP.,
     Plaintiff,

v.

CANADA STEAMSHIP LINES, INC.,
In Personam, and M/V ATLANTIC SUPERIOR,
In Rem,
     Defendants.
```

### DEFENDANT, CANADA STEAMSHIP LINES, INC.'S, ANSWER TO PLAINTIFF'S VERIFIED ADMIRALTY COMPLAINT

Now come the defendant, Canada Steamship Lines, Inc., in the above entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Answer to Plaintiff's Verified Admiralty Complaint as follows:

1. The defendant admits the allegations contained in paragraph 1.

2. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies same.

3. The defendant admits that it is a foreign corporation and the owner and operator of the M/V

   ATLANTIC SUPERIOR, but denies the remaining allegations contained in paragraph 3.

4. The defendant admits that the M/V ATLANTIC SUPERIOR is a steel-hulled cargo vessel, but denies the remaining allegations contained in paragraph 4.

5. The defendant admits that on September 1, 2004 the M/V ATLANTIC SUPERIOR was docked at a pier in Providence, Rhode Island, secured to the pier by ship's lines, and was unloading a cargo of salt. The defendant denies the remaining allegations contained in paragraph 5.

6. The defendant denies the allegations contained in paragraph 6, including sub-parts (a) through (c) inclusive.

7. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, denies same.

 **WHEREFORE,** the defendant, Canada Steamship Lines, Inc., prays that this Honorable Court dismiss with prejudice the Verified Admiralty Complaint together with costs and reasonable attorneys' fees.

## **AFFIRMATIVE DEFENSES**

Now come the defendant and incorporates the following Affirmative Defenses into this Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to establish *in personam* jurisdiction over the defendant to entertain this action.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to establish *in rem* jurisdiction over the vessel to entertain this action.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the U.S. District Court for the District of Massachusetts is not a proper venue and forum and that there has been insufficiency of process and service of process.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiffs' have failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has breached its warranties of safe berth and workmanlike performance as a wharfinger under maritime law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the indispensable party has breached the warranty of safe berth contained in Contract of Affreightment.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained pier damage as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained pier damage as alleged, which is specifically

denied, said damage was the result of an Act of God for which the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained pier damage as alleged, which is specifically denied, said damage was due in whole or in part to the plaintiff's own negligence and failure to maintain the pier and its appurtenances in good and fit condition to secure vessel of the size and load condition of the M/V ATLANTIC SUPERIOR and not due to any negligence or fault on the part of the defendant nor any person or persons for whom the defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that if the plaintiff sustained pier damage as alleged, which is specifically denied, the plaintiff has failed to mitigate its damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that if the plaintiff sustained pier damage as alleged, which is specifically denied, the plaintiff has received a betterment to which a new for old set-off must be applied.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff sustained pier damage as alleged, which is specifically denied, said damage was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceeds the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USCA, Appx. § 183(b).

**WHEREFORE,** the defendant, Canada Steamship Lines, Inc., prays that this Honorable Court dismiss with prejudice the Verified Admiralty Complaint together with costs and reasonable attorneys' fees.

          By its attorneys,

          **CLINTON & MUZYKA, P.C.**

          <u>"/s/Thomas J. Muzyka"</u>
          **Thomas J. Muzyka**
          **BBO NO: 365540**
          **Terence G. Kenneally**
          **BBO NO: 642124**
          One Washington Mall
          Suite 1400
          Boston, MA 02108
          (617) 723-9165

Dated:   September 29, 2005